**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NORTHSTAR LOCATION SERVICES LLC, | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff, James A. Mitchem ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons to secure redress against an unlawful collection practice engaged in by Defendant Northstar Location Services LLC, ("Northstar") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods which includes deceptive or misleading statements and the Act furthermore requires debt collectors to provide consumers with certain information.  15 U.S.C. §§ 1692d and 1692e.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction over Defendant in this District is proper because:

        a.      Plaintiff resides in the District;

      b.     Defendant transacts business in the District via the telephone lines; and

      c.     Defendant's collection activities occurred within the District.

**PARTIES**

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

6.     Northstar Location Services, LLC, is a New York Limited Liability Company with its offices located at 4285 Genesee St., Cheektowaga, NY 14225. Its registered agent and its address in Illinois is CT Corporation Systems, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

7.     Northstar is engaged in the practice of attempting to collect debts that are in default through telephone phone calls.

8.     Northstar is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

9.     On Tuesday Oct. 13, 2009, at approximately 5:16 p.m., Northstar left a message for Plaintiff to the effect that; this message is for James Mitchem this is A (Phonetic) with Northstar calling long distance from New York. Calling in regards to an important issue that was assigned here for process. I would like to get an opportunity to speak with you directly in regard, on this matter that you may not have been aware of. I can help you get it resolved. I need a call back toll free at 866-224-9825.

10.    On or about October 2009, Northstar left a message for Plaintiff to the effect that; James Mitchem good afternoon this is Cassandra Binks (Phonetic) with Northstar here in New York. Calling you in regards to a personal matter that you have in my office. Please

2

contact me at your earliest convenience. I do have a few options available to assist you in resolving this.  888-820-0969. Once again 888-820-0969. My direct extension is 1208.

11.     On or about October 2009, Northstar left a message for Plaintiff to the effect that; This message is for James Mitchem. This is A (Phonetic) with Northstar.  I need a call back regards an important issue that was assigned here for process.  Please give me a return call as soon as possible. You can reach me toll free at 1-866-224-9825. Again toll free at 866-224-9825.  When you call in please refer to the file reference number that has been assigned it will follow you through the process. That number is 9 dash 747185.

12.     On or about October 2009, Northstar left a message for Plaintiff to the effect that; This call is intended for James Mitchem. Wes Neumann calling back sir I need a call back from you within twenty-four hours toll free 888-820-0969 at extension 921.  Thank you.

13.     On October 8, 2009, at approximately 3:32 p.m., Northstar left a message for Plaintiff to the effect that; Hello my name is Michael. This message is solely for James Mitchem. I am calling you from our office here in New York.  It is very important for me to get in contact with you today.  I need to discuss about a confidential correspondence that has been place here in my office, which does require your immediate attention. You must be advised that this is time sensitive and I need to hear from you today before 8:00 o'clock this evening Eastern Standard Time. So please give me a call as soon as you get this message. That toll free number 886-224-9825 and my extension is 1275.

14.     On information and belief the above messages are scripted or close variations of scripted messages that follow Defendant's policy that Northstar employees

are not leave the full name of Defendant, Northstar Location Services LLC, or that the message is from a debt collector.

15.    (866) 224-9825 is a phone number used by Northstar.

16.    (888) 820-0969 is a phone number used by Northstar.

17.    North Star Capital Acquisition LLC is a debt collector with offices located in New York.

18.    A Google™ search using "north star new york" does not reveal on the first 10 hits a web page for Northstar Location Services LLC.

19.    A Google™ search using "northstar new york" does not reveal on the first 10 hits a web page for Northstar Location Services LLC.

20.    The messages left for Plaintiff were an attempt to collect a purported debt incurred for personal, family, or household purposes.

## COUNT I
## FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS

21.    Plaintiff incorporates paragraphs 1-20 above.

22.    15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

23.    15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

24.     Each of Northstar's voice messages to Plaintiff was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

25.     Each of Northstar's voice messages to Plaintiff above did not make a meaningful disclosure of the caller's identity.

26.     Each of Northstar's voice messages to Plaintiff above did not disclose that the communication was from a debt collector.

27.     Each of Northstar's voice messages to Plaintiff above violated 15 U.S.C. §1692d(6).

28.     Each of Northstar's voice messages to Plaintiff above violated 15 U.S.C. § 1692e(11).

## CLASS ALLEGATION

29.  Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

30.  The class consists of (a) all natural persons with an Illinois address (b) where the debt collectors who left messages for Plaintiff as noted above in this Complaint left a telephone voice message for (c) during a period beginning one year prior to the filing this

action and ending 20 days after the filing of this action.

31.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

32.     The predominant question is whether the scripted messages violate the FDCPA.

33.     Plaintiff's claims are typical of the claims of the class members in that the messages are all based on the same factual and legal theories.

34.     The class is so numerous that joinder of all the members is impractical.

35.     On information and belief there are 40 persons who are identified by the class definition above.

36.     Plaintiff will fairly and adequately represent the members of the class.

37.     Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

38.     A class action is superior for the fair and efficient adjudication of this matter in that:

    a.     Defendant's course of conduct affects a large group of individuals;

    b.     Multiple individual actions are not judicially economical;

    c.     Congress contemplated class actions as a means of enforcing the FDCPA; and

    d.     The Class members are unaware that their rights have been violated.

**COUNT II – INDIVIDUAL CLAIM**
**FDCPA § 1692e and 1692f VIOLATION**

39.     Plaintiff incorporates paragraphs 1-20 above.

40.     15 U.S.C. § 1692e states in pertinent part, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41.     15 U.S.C. § 1692f states in pertinent part, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

42.     North Star Capital Acquisition LLC files hundreds if not thousands of lawsuits against consumers on defaulted debts.

43.     By using just the name Northstar and stating that Northstar's office is in New York a consumer could be lead to believe that North Star Capital Acquisition LLC, a debt collector that sues in at least Cook County, Illinois, is actually contacting them.

44.     On information and belief, Northstar does not file collection suits in Cook County, Illinois on the debts it is attempting to collect there.

45.     On information and belief, Northstar Location Services LLC and North Star Capital Acquisition LLC are two separate business entities.

46.     Northstar's use of identifying itself as Northstar from New York is contrary to 1692(e)'s provision, "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged" in that Northstar's messages can create the belief that a company that goes to the expense to sue consumers is contacting them without having to expend the monies needed to litigate collection matters.

47.     Northstar identifying itself solely as Northstar in New York is a misleading representation in violation of 15 U.S.C. § 1692e.

48.     Northstar identifying itself solely as Northstar in New York is unfair in violation of 15 U.S.C. § 1692f.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of

Plaintiff and the Class and against Defendant for:

        (1)     Statutory damages;

        (2)     Attorney's fees, litigation expenses and costs of suit; and

        (3)     Such other relief as the Court deems proper.

        Respectfully submitted,

        s/ Curtis C. Warner
          Curtis C. Warner

Curtis C. Warner     ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to

counsel.

        s/ Curtis C. Warner
          Curtis C. Warner

Curtis C. Warner     ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF REQUEST FOR PRESERVATION OF EVIDENCE TO DEFENDANT**

Please be advised that Plaintiff is demanding that Defendant preserve the following relevant evidence:

A.    All voice recordings of the voice messages described in this Complaint;

B.    All manuals and scripts that were in possession of the collectors who left the voice messages described in this Complaint;

C.    The last known home address and home telephone number of the collectors who left the voice messages described in this Complaint and to timely supplement such information under Rule 26(a)(1) if the collector is no longer employed by Defendant.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)