**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. MITCHEM, individually and<br>on behalf of a class of similarly situated persons, | ) ) ) | |
| | ) | 07 C 6711 |
| Plaintiff, | ) | |
| | ) | Judge Norgle |
| v. | ) | |
| | ) | |
| NORTHSTAR LOCATION SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED CLASS DISCOVERY**

NOW COMES Plaintiff James A. Mitchem ("Plaintiff") by and though his counsel and motions this Honorable Court for leave to take limited class discovery from Defendant Northstar Locations Services LLC ("Northstar").

In support of this motion, Plaintiff states:

1.     On October 23, 2009, Plaintiff filed this action against Defendant Northstar under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., individually an on behalf of a class defined as:

> (a) all natural persons with an Illinois address (b) where the debt collectors who left messages for Plaintiff as noted in this Complaint left a voice message for (c) during a period beginning one year prior to the filing this action [October 23, 2008] and ending 20 days after the filing of this action [November 12, 2009].

2.     Plaintiff's class allegations arise from five separate voice messages left over a short period of time in October 2009, where Northstar's collectors stated that they were calling from Northstar's New York office, if at all, and all failed to identify that they were contacting Plaintiff in an attempt to collect a debt.

3.     Plaintiff also alleged that, "By using just the name Northstar and stating that

Northstar's office is in New York a consumer could be lead to believe that North Star Capital

Acquisition LLC, a debt collector [also located in New York] that sues in at least Cook County,

Illinois, is actually contacting them [whereas Defendant Northstar does not file lawsuits against

consumers]." (Dkt. 1 ¶¶ 43-44).

    4.      Plaintiff has alleged on a class basis that the collectors that contacted him

systematically violated 15 U.S.C. §1692d(6), by failing to make a meaningful disclosure of the

caller's identity, and 15 U.S.C. §1692e(11), by failing to disclose that the communication was

from a debt collector to the defined class members above.

    5.      At the end of Plaintiff's Complaint the following discovery preservation notice

was provided to Northstar:

> **NOTICE OF REQUEST FOR PRESERVATION OF EVIDENCE TO DEFENDANT**
> Please be advised that Plaintiff is demanding that Defendant preserve the following relevant evidence:
> A. All voice recordings of the voice messages described in this Complaint;
> B. All manuals and scripts that were in possession of the collectors who left the voice messages described in this Complaint;
> C. The last known home address and home telephone number of the collectors who left the voice messages described in this Complaint and to timely supplement such information under Rule 26(a)(1) if the collector is no longer employed by Defendant.

    (Dkt. 1, p. 9).

    6.      On November 18, 2009, a default was entered against Northstar under Rule 55 for

its failure to timely answer or otherwise plead in response to being served with Plaintiff's

Complaint. (Dkt. 8).

    7.      Even when a default has been entered against a defendant in a matter brought as a

class action and, "a class cannot be certified by default; plaintiffs must satisfy the requirements

of Rule 23(a) regardless of the response or non-response of any defendant." *Stewart v. GNP*

*Commodities, Inc.,* 88 C 1896, 1992 U.S. Dist. LEXIS 7139, 1992 WL 121545 at *3 (N.D. Ill.

May 26, 1992).

8.      Furthermore, a default judgment award to the class cannot be made unless a class

is certified by the court. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003).

9.      Plaintiff has the burden of demonstrating to this Court that the prerequisites of

certification within Rule 23(a) are satisfied. *See General Tel. Co. of the Southwest v. Falcon*, 457

U.S. 147, 155 (1982).

10.     This is true even if the class certification motion goes unopposed. *Gammon v. GC

Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).

11.     Plaintiff's Complaint at this stage only provides speculation regarding the

numerosity of the proposed class, based upon Plaintiff's counsel's experience in similar FDCPA

cases and a previous class action settlement involving Northstar's collection activities in Illinois

for a single client in each case. *Sanchez v. Northstar Location Services, LLC*, 08 C 4885

consolidated with *Burton v. Northstar Location Services, LLC*, 08 C 5751, Dkt. 26, Order

Granting Final Approval of Class Action Settlement, (N.D. Ill. Apr. 15, 2009) (Nordberg, J.).

12.     Therefore, in order to determine whether the numerosity prerequisite under Rule

23 is satisfied, Plaintiff needs Defendant to respond to the following interrogatory:

> Please state the number of (a) all natural persons with an Illinois address (b) where
> the debt collectors who left messages for Plaintiff as noted in this Complaint left a
> voice message for (c) during a period beginning one year prior to the filing this action
> [October 23, 2008] and ending 20 days after the filing of this action [November 12,
> 2009].

13.     Plaintiff asserts that typicality and commonality are met as the allegations are

admitted due to Defendant's default, *Davis*, 321 F.3d at 648-49 ("factual allegations in the

complaint are deemed admitted by the defendant upon default"), including the class allegation

that, "The predominant question is whether the scripted messages violate the FDCPA."

Likewise, Plaintiff and Plaintiff's counsel will submit their declarations in support of their

adequacy.

14.     Plaintiff will also need Defendant to respond to the following interrogatory,

"Please state Defendant's current net worth" and provide its last statement of net worth. *Martin*

*v. Redline Recovery Serv. LLC*, 08-CV-6153, 2009 U.S. Dist. LEXIS 35468 (N.D. Ill. Apr. 1,

2009) ("a defendant's net worth in an FDCPA class action is discoverable before class

certification in order to assist the plaintiff in determining whether he should pursue certification

because if a defendant has zero or a negative net worth the class would get nothing and

certification would not be in the best interests of the class" and "Defendant does not contest that

its net worth is relevant to damages.").

WHEREFORE, the reasons stated above, Plaintiff requests this Honorable Court for

leave to propound the limited discovery above to be answered under oath by Defendant without

any objection within 30 days of their issuance to Defendant's registered agent in Illinois and to

hold Defendant in contempt of Court if it fails to timely respond.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner       (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)