IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) Case No.: 09-6711 |
| v. | ) ) Judge: Norgle |
| NORTHSTAR LOCATION SERVICES LLC, | ) ) Magistrate Judge Cox |
| Defendant. | ) ) |

## MOTION TO VACATE DEFAULT

Defendant Northstar Location Services LLC ("Northstar") by and through its attorneys David M. Schultz and Jennifer W. Weller and for its Motion to Vacate Default entered on November 18, 2009 Pursuant to Fed. R. Civ. P. 55 states as follows:

1. On October 23, 2009, Plaintiff filed a class action complaint against Northstar pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The complaint is based on phone calls allegedly placed to Plaintiff in October, 2009.

2. Specifically the Complaint alleges that Northstar violated the FDCPA and seeks certification of a class because "[e]ach of Northstar's voice messages to Plaintiff above did not make a meaningful disclosure of the caller's identity" and "did not disclose that the communication was from a debt collector." (Compl., ¶¶25, 26).

3. The complaint further alleges an individual claim on behalf of the plaintiff on the basis that Northstar allegedly misleadingly and unfairly identified itself as "Northstar" and stated that its location is in New York when there is another separate company called "Northstar" in Illinois. Plaintiff alleges that "By using just the name Northstar and stating that Northstar's office is in New York a consumer could be lead to believe that North Star Capital Acquisition LLC, a debt collector that sues in at least Cook County, Illinois, is actually contacting them.

4.  Northstar was served on or about October 27, 2009. Northstar's registered agent is CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. On the cover sheet accompanying the complaint, CT Corporation states that the appearance or answer was due "Within 30 days after service, exclusive of the day of service." (Ex. A hereto). Northstar relied upon this representation and believed that it had 30 days to respond to the complaint. (Ex. A). In light of the Thanksgiving holiday, if CT Corporation's representation had been accurate, the responsive pleading would have been due on November 27, 2009.

5.  On October 30, 2009, Linda Leising from Northstar spoke with Curtis Warner regarding the complaint. They discussed the possibility of settlement and Mr. Warner stated that any settlement would have to be on a class basis and that he needed information regarding class size and net worth. Ms. Leising stated that she would get back to Mr. Warner regarding that information. On November 9, 2009 Mr. Warner called Ms. Leising and left a message. (Ex. A).

6.  On November 17, 2009, Plaintiff moved for entry of a default judgment. The motion was sent to Northstar's registered agent via U.S. mail. (Northstar did not receive the motion for default until November 24, 2009 (Ex. A)). A minute order entering default was entered without an appearance on November 18, 2009.

7.  On November 23, 2009, Ms. Leising, unaware of the default, returned Mr. Warner's November 9, 2009 call. During the phone call Ms. Leising and Mr. Warner again discussed the possibility of settlement. Mr. Warner also advised Ms. Leising that a motion for default had been filed. Ms. Leising believes that Mr. Warner may have mentioned that a default had been entered, however, she did not realize the significance of his statement because she had not received the motion or order. On November 24, 2009, Ms. Leising received a copy of the Motion for Entry of Default from CT Corporation via email. (Ex. A).

6509728v1 7048395 ADMINISTRA

8. In order to vacate an entry of default, the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). A "meritorious defense" is not necessarily a winning one, but it is one which is "supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). "General denials and conclusory statements are insufficient to establish a meritorious defense in order to vacate a default . . . ." *Lego Irrigational Internation, Inc. v. First National Bank*, 108 F.R.D. 9, 11(N.D.Ill. 1985)(*citing Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81 (N.D.Ill. 1981)).

9. The test for setting aside a default is more liberally applied when dealing with an entry of default prior to entry of default judgment. *See Pretzel & Stouffer*, 28 F.3d at 44-45; *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990) (practical considerations that support a strong presumption against the reopening of final decisions are not in play).

10. Default judgments are generally disfavored as they are inconsistent with the federal courts' preference for resolving disputes on the merits. *See Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989). "Default is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits." *99 Cents Stores v.DynamicDistrib*.,No. Civ.A. 97-3869, 1998WL 24338, at *4 (E.D. Pa. Jan. 22, 1998).

11. First, good cause exists for vacating the default. Based on the representation made by its registered agent, CT Corporation, Northstar reasonably believed that it had 30 days until November 27, 2009 to respond to the Complaint. (Ex. A).

12. Second, Northstar has taken quick action to respond to the entry of the default. Ms. Leising learned that the motion had been filed on November 23, 2009 and received a copy of

3

the motion via email on November 24, 2009. Defense counsel was retained on November 25, 2009 and immediately took action to vacate the default.

13. Third, Northstar has a meritorious defense to Counts I and II of plaintiff's Complaint. While this court has held that voice mail messages may be considered communications pursuant to the FDCPA, *Ramirez v. APEX Financial Management, LLC*, 567 F.Supp.2d 1035 (N.D.Ill. 2008), no Circuit Court of Appeals has yet to address the issue. Moreover, Northstar intends to assert a *bona fide* error defense to plaintiff's complaint. Northstar has a written procedure in place requiring its collectors to state that Northstar is a debt collector on any voice mail message left for a debtor. Northstar's automated messages further contain such disclosure. In the event that the collectors plaintiff has identified in the complaint failed to leave such required message, the error was unintentional and occurred in spite of procedures reasonably adapted to avoid such error. *See Walsh v. Monco Law Offices S.C.*, Case No. 08 CV 3192 (C.D.Ill., Nov. 24, 2008)(Scott, J)(holding that there were questions of fact on whether Defendant's voice mail messages violated Section 1692e(11) of the FDCPA and on Defendant's bona fide error defense as to its voice mail messages)(Ex. B).

14. Northstar further has a meritorious defense to Count II of the Complaint. Identifying its company as "Northstar" with a location in New York is not a violation of the FDCPA. Northstar is a shortened version of Northstar Location Services LLC and the company is located in New York. The fact that there may be another company using the name "Northstar" in Illinois does not render Northstar's use of its name and location misleading.

6509728v1 7048395 ADMINISTRA

WHEREFORE, Defendant Northstar Location Services LLC respectfully requests that this court vacate its November 18, 2009 order of default and grant it leave to file an answer to plaintiff's complaint.

> Respectfully submitted,
>
> One of the attorneys for
> Northstar Location Services, LLC
>
> By: s/*Jennifer W. Weller*
>      Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000