**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) | |
| | ) | 09 C 6711 |
| Plaintiff, | ) ) | Judge Norgle |
| v. | ) ) | |
| NORTHSTAR LOCATION SERVICES LLC, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE THE ENTRY OF DEFAULT**

**INTRODUCTION**

This Court has previously stated that, "At a time of unprecedented caseloads, district courts are becoming less tolerant of dilatory defendants and the Appellate Court is becoming increasingly reluctant to reverse a district court's refusal to set aside a default." *O'Brien v. Sage Group*, 136 F.R.D. 151, 153 (N.D. Ill. 1991) (Norgel, J.) *affirmed* 998 F.2d 1394 (7th Cir. 1993). As recognized by this Court, the Seventh Circuit has stated that, "The traditional doctrine that defaults are strongly disfavored is no longer the rule in the Seventh Circuit[,]" *Id.* (*citing In re State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990), *quoting Dimmitt & Ownes Financial, Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986) ("Traditionally, default judgments were strongly disfavored; however, 'this court has moved away from the traditional position . . . .'"), and, "The Seventh Circuit has moved away from the policy of disfavoring default judgments and courts are, therefore, increasingly reluctant to set them aside[,]" *United States v. Robinson*, 860 F. Supp. 565, 567 (N.D. Ill. 1994) (Nogel, J.) (*citing Pretzel & Stouffer*

*v. Imperial Adjusters, Inc.*, 28 F.3d 42, slip op. at 9 (7th Cir. 1994)).[1] Defendant's motion

nevertheless cites non-Circuit case law for the position that:

> Default judgments are generally disfavored as they are inconsistent with the
> federal courts' preference for resolving disputes on the merits. *See Coon v.
> Grenier*, 867 F.2d 73 (1st Cir. 1989). Default is not favored and all doubt should
> be resolved in favor of setting aside default and reaching a decision on the merits.
> *99 Cents Stores v. Dynamic Distrib.*,No. Civ.A. 97-3869, 1998WL 24338, at *4
> (E.D. Pa. Jan. 22, 1998).

 (Def. Mtn. p. 3 ¶ 10).

Defendant's motion further fails to meet its burden of establishing the required elements

of good cause for its failure to timely respond and a meritorious defense to Plaintiff's claims.

Therefore, Plaintiff requests this Honorable Court to deny Defendant's motion.

## FACTS

On October 23, 2009, Plaintiff filed this action against Defendant under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, individually an on behalf of a class defined

as:

> (a) all natural persons with an Illinois address (b) where the debt collectors who left
> messages for Plaintiff as noted in this Complaint left a voice message for (c) during a
> period beginning one year prior to the filing this action [October 23, 2008] and
> ending 20 days after the filing of this action [November 12, 2009].

(Dkt. 1, Complt. ¶¶ 1, 30).

Plaintiff's class allegations arise from five separate voice messages left by four of

Defendant's collectors over a short period of time in October 2009, where Defendant's collectors

stated that they were calling from Northstar's New York office, if at all, and all failed to identify

that they were contacting Plaintiff in an attempt to collect a debt.  Plaintiff has alleged that the

messages left for Plaintiff were scripted or variations of a script.  (Dkt. 1, Complt. ¶¶ 9-14).

---

[1] *But see Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (*citing Sun v. Bd. of Trs. of the
Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)).

Plaintiff also alleged that, "By using just the name Northstar and stating that Northstar's office is in New York a consumer could be lead to believe that North Star Capital Acquisition LLC, a debt collector [also located in New York] that sues in at least Cook County, Illinois, is actually contacting them [whereas Defendant Northstar does not file lawsuits against consumers]." (Dkt. 1 ¶¶ 43-44).

On October 26, 2009, the Clerk of the Court issued the Summons in this matter, which in addition a copy of the Complaint, were personally served upon Defendant's registered agent on October 27, 2009. (Dkt. 5). Defendant admits that it received the Complaint on the same day, October 27, 2009. (Def. Mtn. Ex. A, Leising Aff. ¶ 4). Defendant's affidavit attached to its motion omits any reference to the Summons. *See* (Def. Mtn. Ex. A, Leising Aff.). Defendant's affidavit does not have attached to it a copy of the transmittal cover sheet it purportedly received from its registered agent. *See* (Def. Mtn. Ex. A, Leising Aff.).

Defendant affidavit also stated that, "Northstar has a written procedure in place requiring its collectors state that Northstar is a debt collector on voice mail message left for a debtor." (Def. Mtn. Ex. A, Leising Aff. ¶ 9). Defendant's affidavit omits any mention to when the alleged voice message policy was implemented and when it would have been distributed to the collectors at issue, and Defendant has not attached a copy of the alleged policy to the affidavit. *See* (Def. Mtn. Ex. A, Leising Aff.). Finally, Defendant does not attach any affidavits of the collectors that left the subject voice messages in support of its motion.

## ARGUMENT

To set aside the entry of default, the defendant must show: "'(1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *O'Brien*, 136 F.R.D. at 152-53 (*citing Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246,

252 (7th Cir. 1990), *quoting*, *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). It is the defendant that has the burden of establishing each of the three elements required to set aside a default. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

## I.    No Excusable Neglect Exists for Defendant's Failure to Timely Answer or Otherwise Plead in Response to Plaintiff's Complaint

No good cause exists for Defendant's failure to timely respond to the Complaint that admittedly was served on and received from its registered agent on October 27, 2009. (Def. Mtn. Ex. A, Leising Aff. ¶ 4). Defendant argues that good cause exists because, "Based on the representation made by its registered agent, CT Corporation, Northstar reasonably believed that it had 30 days until November 27, 2009 to respond to the Complaint." (Def. Mtn. p. 3 ¶ 11).

Plaintiff argues that it was unreasonable for Defendant to believe, even if its registered agent stated in a cover sheet, that it had 30 days to respond as no federal or local rule provides for a 30-day response time. It was further unreasonable to believe that 30-days was the response time as, "Fed. R. Civ. P. 12(a) requires the defendant to file an answer within twenty days after the service of the summons and complaint." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1397 (7th Cir. 1993) (*citing* FED. R. CIV. P. 12(a)). Defendant knew or should know that Rule 12(a) establishes a 20-day time limitation to respond as prior to the filing of this lawsuit Defendant has been sued in federal court under the FDCPA at a minimum of thirty (30) times in 2009 alone[2], in addition to the two lawsuits filed in this district last year. *Sanchez v. Northstar*

---

[2] *Jenkins v. Northstar Location Services, LLC*, 2:2009cv07517, (C.D. Cal. Oct. 15, 2009); *McCoy v. Northstar Location Services, LLC*, 3:2009cv05104, (D. NJ. Oct. 6, 2009); *Watters v. Northstar Location Services, LLC*, 1:2009cv02350, (D. Col. Oct. 1, 2009); *Tafoya v. Northstar Location Services, LLC*, 1:2009cv02294, (D. Col. Sept. 25, 2009); *Loomis v. Northstar Location Services, LLC*, 2:2009cv06772, (C.D. Cal. Sept. 16, 2009); *Cordova v. Northstar Location Services, LLC*, 3:2009cv04209, (N.D. Cal. Sept. 11, 2009); *Lucoff v. Northstar Location*

*Location Services, LLC*, 08 C 4885 consolidated with *Burton v. Northstar Location Services,*

*LLC*, 08 C 5751 (N.D. Ill.)  As such, it was unreasonable for Defendant to assume that it had 30

days to respond to the Complaint.

Furthermore, Defendant's motion does not attach its registered agent's purported cover

sheet that its motion relies upon. This Court should also find it odd strange that no mention of

the Summons is made by Defendant in its employee's affidavit.

It should also appear dubious to this Court that Defendant, who states that it believed that

its answer was due on November 27, 2009, would wait until, November 25, 2009, the day before

Thanksgiving, and two days before the date Defendant informs the Court it was required to

respond to the Complaint, to retain counsel. (Def. Mtn. Ex. A, Leising Aff. ¶ 8) (On November

25, 2009, Northstar retained [counsel]. . . .").

---

*Services, LLC*, 1:2009cv22628, (S.D. Fla. Sept. 3, 2009); *Moulton v. v. Northstar Location Services, LLC*, 3:2009cv04276, (D. NJ. Aug. 21, 2009); *Janoff v. Northstar Location Services, LLC*, 2:2009cv04114, (D. NJ. Aug. 12, 2009); *Orozco v. Northstar Location Services, LLC*, 2:2009cv05719, (C.D. Cal. Aug. 4, 2009); *Hicks v. Northstar Location Services, LLC*, 2:2009cv01496, (N.D. Ala. July 28, 2009); *Parker v. Northstar Location Services, LLC*, 4:2009cv03316, (N.D. Cal. July 20, 2009); *Kiraly v. Northstar Location Services, LLC*, 3:2009cv01562, (S.D. Cal. July 17, 2009); *Taylor v. Northstar Location Services, LLC*, 1:2009cv00617 (W.D. Mich. July 6, 2009); *Dey v. Northstar Location Services, LLC*, 1:2009cv00806, (S.D. Ind. June 29, 2009); *Grand v. Northstar Location Services, LLC*, 1:2009cv01424, (D. Col. June 18, 2009); *Gofman v. Northstar Location Services, LLC*, 3:2009cv02602, (N.D. Cal. June 11, 2009); *Fahrner v. Northstar Location Services, LLC*, 3:2009cv00403, (S.D. Ill. May 27, 2009); *Showalter v. Northstar Location Services, LLC*, 1:2009cv00471, (W.D.N.Y. May 14, 2009); *Hamilton v. Northstar Location Services, LLC*, 1:2009cv01017, (D. Col. May 1, 2009); *White v. Northstar Location Services, LLC*, 1:2009cv00401, (W.D.N.Y. Apr. 28, 2009); *Jones v. Northstar Location Services, LLC*, 2:2009cv00550, (W.D. Wash. Apr. 22, 2009); *Griveas v. Northstar Location Services, LLC*, 1:2009cv00380, (W.D.N.Y Apr. 21, 2009); *Beaumont v. Northstar Location Services, LLC*, 2:2009cv00377, (E.D. Wis. Apr. 13, 2009); *Smith v. Northstar Location Services, LLC*, 3:2009cv00013, (N.D. Wv. Mar. 3, 2009); *Shami v. v. Northstar Location Services, LLC*, 1:2009cv00721, (E.D.N.Y. Feb. 20, 2009); *Ward v. Northstar Location Services, LLC*, 3:2009cv08012, (D. Az. Jan 29, 2009); *Myatt v. Northstar Location Services, LLC*, 4:2009cv00076, (W.D. Mo. Jan. 28, 2009); *Sanchez v. Northstar Location Services, LLC*, 1:2009cv00321, (E.D.N.Y Jan. 26, 2009); *Townsend v. Northstar Location Services, LLC*, 1:2009cv00080, (D. Col. Jan 16, 2009).

Finally, it should become evident to the Court that Defendant's motion to vacate the default comes only as a byproduct of failed class settlement talks, *See* (Def. Mtn. Ex. A, Leising Aff. ¶ 5, 7), and Plaintiff not settling for an individual default judgment. *See* (Dkt. 9, Plaintiff's Motion for Limited Class Discovery). This Court has found that no good cause is shown under Rule 55 when the defendant asserts that it, "was waiting for a response to his settlement offer." *Chase Int'l v. Link*, 94 C 6533, 1995 U.S. Dist. LEXIS 11981 * 8 (N.D. Ill. Aug. 8, 1995) (Norgle, J.). Based upon Ms. Leising's affidavit demonstrating failed settlement negotiations, Plaintiff argues that no excusable neglect to answer exists but that Defendant engaged in a purposeful attempt to avoid class liability and allowed the default to enter, hoping that Plaintiff would not pursue the needed discovery for a class default judgment, but instead seek only an individual default judgment.

For the reasons above, Plaintiff asserts that Defendant has failed to establish "good cause" and that it is not entitled to have the default vacated.

## II. Defendant's Motion Does Not Carry Its Burden Of Production For A Meritorious Defense

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Here, Defendant fails to establish any serious legal and factual questions supporting its purported affirmative defenses.

### A. Count I

Court I is a class claim against Defendant under FDCPA § 1692e(11), failing to inform Plaintiff that it was a debt collector, and FCPA § 1692d(6), failing to make a meaningful identification of itself. Defendant's motion does not deny the content of the five subject voice

messages left for Plaintiff by its four different collectors. Defendant instead advances two points regarding its purported meritorious defense in that: (1) no Circuit Court of Appeals has found that a voice message is a "communication" under the FDCPA; and (2) "Northstar intends to assert a *bona fide* error defense to plaintiff's complaint. Northstar has a written procedure in place requiring its collectors to state that Northstar is a debt collector on any voice mail message left for a debtor." (Def. Mtn. ¶ 13).

As to Defendant's first point advanced, Defendant's motion does not cite any legal authority and Plaintiff's counsel has been unable to find any that would support Defendant's theory that because a Circuit Court of Appeals has not ruled on a particular claim, that non-ruling is converted to a recognized "meritorious defense." Because Defendant has not added any flesh to this unsupported argument, it is insufficient to set aside the default. *See Jones*, 39 F.3d at 165.

In any event, case law at the district level supports that a voice message is a "communication" under the FDCPA. Section 1692a, in pertinent part, provides that, "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). In addition to the seven district court cases cited in Plaintiff's Complaint that a voice message is a "communication", (Dkt. 1, Complt. ¶ 24), even the November 24, 2009 opinion, attached to Defendant's motion as Exhibit B, the court in denying that defendant's motion for summary judgment held that a voice message was a "communication" under the FDCPA and noted, "most federal courts treat such messages as 'communications' under the FDCPA. *Walsh v. Monco Law Offices, S.C.*, 08-3192, slip op. pp. 22. (C.D. Ill., Nov. 24, 2009) (*citing Drossin v. Nat'l Action Fin. Servs.*, 641 F. Supp. 2d 1314, 1320 (S.D. Fla. 2009); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1351

(N.D. Ga. 2008); *Ramirez v. Apex Financial Mgmt, LLC.*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008);

*Hosseinzadeh v. Mrs. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Leyse v.*

*Corporate Collection Servs., Inc.*, 2006 WL 2708451, at * 6 (S.D.N.Y. Sept. 18, 2006)).

    **i.**      **FDCPA § 1692e(11)**

    Defendant as a mater of law cannot develop any facts outside of the content of the subject

voice messages at issue.  In granting plaintiff summary judgment on the FDCPA § 1692e(11),

the court in *Drossin v. Nat'l Action Fin. Servs.*, 641 F. Supp. 2d 1314 (S.D. Fla. 2009) held,

"[T]he statutory language that requires the debt collector to reveal its identity--it does not require

the consumer to recall any previous communications." *Id*. at 1323.  The rationale in *Drossin* is

correct as the plain language of 15 U.S.C. § 1692e(11) provides, in pertinent part, "and the

*failure to disclose in subsequent communications* that the communication is from a debt

collector. . .") (emphasis added). 15 U.S.C. § 1692e(11).  As such, the five subject messages set

forth in Plaintiff's Complaint, which Defendant does not deny are true, each do not state the

required disclosure that Defendant is a debt collector. Therefore, Defendant's voice messages to

Plaintiff are "communications" each of which violated FDCPA § 1692e(11).

    Defendant however asserts that a meritorious defense exists by way of a purported *bona*

*fide error* defense in that purportedly, "Northstar has a written procedure in place requiring its

collectors state that Northstar is a debt collector on voice mail message left for a debtor." (Def.

Mtn. Ex. A, Leising Aff. ¶ 9).  Defendant's affidavit however omits any mention to when the

alleged voice message policy was implemented and when it would have been distributed to the

collectors at issue, and Defendant has not attached a copy of the alleged policy to the affidavit.

*See* (Def. Mtn. Ex. A, Leising Aff.).  Finally, Defendant does not attach any affidavits of the

collectors that left the subject voice messages in support of its motion.  Plaintiff asserts that

without such information, Defendant has not raised a serious factual question supported by a sufficient factual basis. *See Jones*, 39 F.3d at 165.

In order to succeed on a *bona fide error* defense a "debt collector [must] show[] by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Here, Defendant has not attached any affidavits from the four subject debt collectors and therefore has failed to meet its burden to demonstrate that the omission made by each of the collectors was "not intentional." Also, Plaintiff argues that no reasonable trier of fact could find that Defendant applied the "the maintenance of procedures reasonably adapted to avoid any such error" in that *each of the four* subject collectors *all failed to make the proper disclosures* as required by 15 U.S.C. § 1692e(11) all within a short period of time in October 2009. In any event, Defendant's affidavit that it purports to have a written policy, standing alone without any other facts, is insufficient to establish by a preponderance that it is entitled to a *bona fide error* defense and therefore Defendant failed to meet its burden that it can set forth a meritorious defense to Plaintiff's and the class' 15 U.S.C. § 1692e(11) claim.

### ii. FDCPA § 1692d(6)

As to Plaintiff's FDCPA § 1692d(6) claim, Defendant's motion admits that it does not identify itself by its full name. (Def. Mtn. ¶ 14) ("Northstar is a shortened version of Northstar Location Services LLC. . . ."). Defendant also acknowledges that there is another debt collector that uses the same name in Illinois. (Def. Mtn. ¶ 14) ("The fact that there may be another company using the name Northstar in Illinois. . . .").

Defendant's motion however offers no legal or factual development that the use of the name Northstar with its office in New York is not confusing with another New York based debt

collector, "North Star", that unlike Defendant here, files numerous lawsuits in Illinois. It is clear that, "The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in defendants' proposed answer." *Breuer Electric Mfg. Co.*, 687 F.2d at 185. Because, Defendant's motion to vacate does not rise above the level of a bare conclusion, Defendant has failed to carry its burden of production of a meritorious defense as to Plaintiff's and the class' 15 U.S.C. § 1692d(6) claim.

Additionally, Plaintiff points out that by way of analogy, case law form trademark infringement cases that demonstrate that use of the same business name causes confusion. *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 382 (7th Cir. 1976) (likelihood of confusion between plaintiff's batteries and defendant's miniature light bulbs bearing similar brand name); *Horlick's Malted Milk Corp. v. Horlick*, 143 F.2d 32, 36-37 (7th Cir. 1944) (defendant enjoined from using his last name alone on dog food); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (use of a similar business name can be unfair competition).

Finally, Defendant has not asserted any *bona fide error* defense to Plaintiff's 15 U.S.C. § 1692d(6) claim. Therefore, this Court should deny Defendant's motion to vacate Plaintiff's and the class' claims under 15 U.S.C. §§ 1692d(6) and e(11).

### B.    Count II

Plaintiff alleges in Count II that the same subject voice messages violated, with the exception of the voice message paragraph 12 of the Complaint, violates 15 U.S.C. § 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and 15 U.S.C. § 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff 's Complaint also alleges:

> Northstar's use of identifying itself as Northstar from New York is contrary to 1692(e)'s provision, 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged' in that Northstar's messages can create the belief that a company that goes to the expense to sue consumers is contacting them without having to expend the monies needed to litigate collection matters.

(Dkt. 1, Complt. ¶ 46).

Plaintiff's argument here as to the Count II is the same as Plaintiff's argument set forth, *supra*, in response to Count I, 15 U.S.C. § 1692d(6), and that Defendant has not presented sufficient facts to meet its burden and by way of analogy trade mark cases. In fact, as to Count II, Defendant's counsel's motion itself, is the only material that has been submitted to rebut the allegations in Plaintiff's Complaint. *See* (Def. Mtn. ¶ 14). Because Defendant has not developed a legal and factual basis raising a serious contention that a meritorious defense exists, this Court should deny Defendant's motion to vacate the default as to Count II.

## CONCLSUION

WHEREFORE, the reasons stated above, Plaintiff requests this Honorable Court to deny Defendant's Motion to Vacate the Default in total.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)