IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James A. Mitchem, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 C 6711 |
| v. | ) ) | Judge: Norgle |
| Northstar Location Services, LLC, | ) ) | Magistrate Judge Cox |
| Defendant. | ) ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, JAMES A. MITCHEM ("plaintiff"), individually, and as representative of the class of persons defined below in ¶ 4(a) ("Class"), and Defendant, NORTHSTAR LOCATION SERVICES, LLC ("defendant" or "Northstar"), request that this Court enter an order (i) granting preliminary approval to the Class Settlement Agreement ("Agreement") attached as Exhibit 1; (ii) certifying the class as defined below in ¶ 4(a); (iii) approving the form of the Class Notice attached as Exhibit A, (iv) designating WARNER LAW FIRM, LLC as Class Counsel; and (v) setting dates for opt-outs, objections, exclusions and return of claim forms and a hearing for final approval.

1.      Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") when certain collectors left telephone messages that did not disclose that the message was from a debt collector.  Plaintiff also alleged that Defendant violated the FDCPA by identifying itself as Northstar from its New York office.  Defendant denies liability.

2.      After arms-length discussion, the parties reached an agreement to settle plaintiff's claims.  (Exhibit 1 hereto)

3.    Counsel for the parties have analyzed the legal and factual issues presented in this

action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of

recovering damages in excess of those obtained through this settlement, the protracted nature of

the litigation and the likelihood, costs and possible outcomes of one or more procedural and

substantive appeals.   Based upon counsel's review and analysis, the parties entered into the

Agreement.

4.    The parties desire to settle and compromise the litigation on the terms and

conditions embodied in the Agreement and agree as follows**:**

a.    <u>Class Certification</u>.   The parties jointly request that this Court certify the
following class:

> All natural person with Illinois addresses for whom Northstar collectors as
> identified in Plaintiff's Complaint left voice messages without disclosing
> that the communication was from a debt collector from October 23, 2008
> to October 27, 2009.

b.    <u>Relief to Plaintiff</u>.   Defendant agrees to pay the sum of $1,000 to plaintiff.
Plaintiff is also entitled to submit a claim form as described below.

c.    <u>Class Recovery</u>. Defendant shall pay the class $8250 to be distributed on a pro
rata basis to each class member who timely returns a claim form, except that no
class member shall receive a check in an amount greater than $100.   Any
uncashed/unclaimed/undistributed funds shall be distributed on a 50/50 basis
within 14 days after the void date to Legal Aid Foundation of Metropolitan
Chicago and Prairie Legal Services as a *cy pres* award.

d.    <u>Attorney's Fees and Costs</u>.   Defendant shall pay attorney's fees and costs to Class
Counsel of $5,750, subject to Court approval.   This amount will be paid in
addition to the Class Recovery. Defendant agrees not to oppose Class Counsel's
application for attorney's fees and costs in this amount.   Class Counsel will not
request additional fees or costs from Defendant or the Class.

e.    <u>Class Notice</u>.   Within 30 days of entry of the Preliminary Approval Order,
defendant shall cause actual notice, in the form of <u>Exhibit A</u> to the Agreement, to
be mailed to the last known addresses of the members of the Class, according to
defendant's records.   Each notice shall be sent with a request for forwarding
addresses.   In the event that a notice is returned as undeliverable and a forwarding
address is provided, defendant shall cause any such returned notice to be
forwarded to the address provided to defendant within four business days of

2

receipt. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period (or earlier if the parties agree).

f.    <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

5.    The parties request that the Court set the following schedule for the proposed

Agreement:

a.    Class Notice (Exhibit A) is to be mailed within 30 days of entry of the Preliminary Approval Order;

b.    Class members shall have forty-five (45) days after the initial mailing of the notice to return a claim form. exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the request on counsel for both plaintiff and defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the objection on counsel for both plaintiff and defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement..

c.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court no earlier than ninety (90) days from the entry of this order.

6.    In the event that there is any conflict between any provision of this Motion and

the Settlement Agreement between the parties, the parties intend for the Settlement Agreement to

Control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form

of <u>Exhibit B</u> to the Agreement, which (i) certifies the class as defined therein; (ii) grants

6526898v1 907005 68924

preliminary approval of the proposed settlement, (iii) directs the mailing of the notice, in the form of Exhibit A to the Agreement, and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).


**Respectfully submitted:**                        **Respectfully submitted:**


**WARNER LAW FIRM, LLC**                  **HINSHAW & CULBERTSON LLP**
Curtis C. Warner                                   David M. Schultz
155 N. Michigan Ave Suite 560             Jennifer W. Weller
Chicago, IL  60604                                222 North LaSalle Street
(312) 238-9820                                      Suite 300
                                                            Chicago, IL  60601
*s/Curtis C. Warner*                            312-704-3000
Counsel for plaintiff

                                                            *s/Jennifer W. Weller*
                                                            Counsel for defendant

4