*M H N*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | Case No.: 09 CV 6711 |
| v. ) ) | Judge: Norgle |
| NORTHSTAR LOCATION SERVICES LLC, ) ) | Magistrate Judge Cox |
| Defendant. ) | |

## AMENDED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came for hearing on May 7, 2010, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of January 21, 2010. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  On February 5, 2010, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff, James A. Mitchem ("Plaintiff"), and Defendant, Northstar Location Services, LLC ("Defendant") for the claims alleged in the above-captioned matter *James A. Mitchem v. Northstar Location Services, LLC,* Case No. 09 CV 6711 filed in the United States District Court for the Northern District of Illinois, Eastern Division. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was caused to be sent by Defendant's counsel to 228 Class Members. A total of 21 claim forms were timely received, 17 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 0 envelopes were returned and re-mailed to a

forwarding address. Zero (0) class members requested exclusion and Zero (0) objections were filed or received.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Except as to any individual claim of those Persons (identified in Paragraph 10) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Plaintiff and Class Representative and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. Solely for purposes of effectuating this settlement this Court has certified the following class of persons who satisfy the following criteria:

> All natural persons with Illinois addresses for whom Northstar collectors as identified in Plaintiff's Complaint left voice messages without disclosing that the communication was from a debt collector from October 23, 2008 to October 27, 2009.

8.  Warner Law Firm, LLC and Curtis C. Warner have been appointed as class counsel.

9.  The Court finds that the stipulated Class meets the requirements of Rule 23. Specifically the Court finds that:

    a.  The Class is so numerous that joinder is impracticable.

    b.  There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class members.

    c.  Plaintiff's claims are typical of the claims of the Class Members.

    d.  Plaintiff and Class Counsel have fairly and adequately represented the interests of the class members.

    e.  A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

10. Defendant will maintain a list of class members.

11. Excluded from the Class are: class members who timely and validly requested exclusion or opted out.

12. Release.

(A) Plaintiff, his assigns, heirs, successors and personal representatives releases and forever discharges Northstar Location Services, LLC, and its past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of

attorney's fees and costs, whatsoever, known or unknown, in law or in equity, based on state or federal law, under any legal theory. Plaintiff retains all defenses in regard to his underlying debt ending in account number 3349.

(B) Each class member not opting out, as of the Effective Date of the Agreement, releases and forever discharges the Released Parties of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any claims for payment of attorney's fees and costs, that were made or which could have been made by Plaintiff on behalf of himself or on the behalf of the settlement Class in the Litigation, in law or in equity, relating to the allegations in the Litigation.

(C) Nothing herein shall prevent Plaintiff from asserting any defenses with respect to the underlying debts that were the subject of the Litigation.

(D) Defendant is not releasing any claims against any members of the Class for the payment of the debt. The underlying debts Defendant sought to collect from members of the Class are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the class members.

13. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on

the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

14. The Court dismisses the claims of Plaintiff and the Class against Defendant and the Released Parties with prejudice and without costs.

15. Within thirty (30) days of this Order, Defendant shall make all payments required by the Agreement.

16. Within thirty (30) days of this Order, Defendant shall file a "Notice of Compliance" that Defendant has complied with the Terms of the Agreement.

17. The Court has reviewed Class Counsel's petition for attorney's fees and costs of $5,750. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $5,750 to Warner Law Firm, LLC in accordance with the Agreement.

18. Defendant shall, within 30 days of the void date on checks issued to Class Members, distribute any unclaimed funds as a *cy pres* award on a 50/50 basis to the Legal Aid Foundation of Metropolitan Chicago and Prairie State Legal Services.

IT IS SO ORDERED

DATED: 5/13/2010    By: _____
                        Honorable Charles R. Norgle, Sr.